IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MANUEL SANCHEZ,

    Plaintiff,

vs.

ZOOLOGICAL WILDLIFE
FOUNDATION INC., a Florida
Profit Corporation, MARIA TABRAUE,
an individual, and MARIO TABRAUE,
an individual, jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, MANUEL SANCHEZ, sues Defendants, ZOOLOGICAL WILDLIFE FOUNDATION INC., MARIA TABRAUE and MARIO TABRAUE, and shows:

### Introduction

1. This is an action by MANUEL SANCHEZ against his former employers for unpaid overtime and unpaid minimum wages pursuant to the Fair Labor Standards Act. Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2. Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b).

3. The claims arose within the Southern District of Florida, which is where venue is proper.

## Parties and General Allegations

4. Plaintiff, MANUEL SANCHEZ, (hereinafter "SANCHEZ") a resident of Miami-Dade County, was at all times material, employed by ZOOLOGICAL WILDLIFE FOUNDATION INC., as a security guard, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with ZOOLOGICAL WILDLIFE FOUNDATION INC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, ZOOLOGICAL WILDLIFE FOUNDATION INC., (hereinafter, "ZOOLOGICAL WILDLIFE FOUNDATION"), is a Florida Profit Corporation with headquarters in Miami-Dade County, Florida, doing business in Miami, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant, MARIA TABRAUE ("hereinafter, "MARIA TABRAUE"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ZOOLOGICAL WILDLIFE FOUNDATION. MARIA TABRAUE determined SANCHEZ's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, MARIA TABRAUE and ZOOLOGICAL WILDLIFE FOUNDATION are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7. Defendant, MARIO TABRAUE ("hereinafter, "MARIO TABRAUE"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant ZOOLOGICAL WILDLIFE FOUNDATION. MARIA TABRAUE determined SANCHEZ's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, MARIO TABRAUE and ZOOLOGICAL WILDLIFE FOUNDATION are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

8. Plaintiff SANCHEZ worked more than 40 hours per week for most weeks of his employment, but was not paid overtime compensation at time-and-a-half his regular rate of pay.

9. During the last several months of his employment, SANCHEZ worked a full schedule as required by the Defendants, but was paid no wages whatsoever.

10. The failure to pay overtime and minimum wages to SANCHEZ is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by all Defendants – Overtime

11. Plaintiff, MANUEL SANCHEZ, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 8 and 10 above.

12. Since on or about February 2022 and up to and including January 6, 2023, Defendant ZOOLOGICAL WILDLIFE FOUNDATION has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically SANCHEZ, during his employment, worked in excess of 40 hours a week during most weeks of

3

his employment, but was not compensated for all overtime hours at one and one-half times his regular rate. Plaintiff's claim is summarized as follows:

    a.    From on or about February 13, 2022, through June 11, 2022 (approximately 17 workweeks), Plaintiff worked about 64 hours per week on the average, and was paid his regular rate of $20 per hour for all hours worked. Accordingly, Plaintiff is owed the $10 half-time premium for each of the 24 hours per week for the 17 weeks that he worked, or $4,080.00, plus an equal amount for liquidated damages.

    b.    From on or about June 12, 2022, through September 17, 2022 (approximately 14 weeks), Plaintiff worked about 64 hours per week on the average, and was only paid a salary of $1,200 per week. Accordingly, Plaintiff's regular rate is $18.75/hr, for which he is owed the ½ time premium of $9.375 for each of the 24 overtime hours per week for the 14 weeks that he worked, or $3,150.00, plus an equal amount for liquidated damages.

    c.    From on or about September 18, 2022, through January 6, 2023 (approximately 16 weeks), Plaintiff worked about 64 hours per week on the average, and was supposed to be paid $1,200 per week, but Defendants failed to pay the Plaintiff any wages during this time. Accordingly, Plaintiff's regular rate is $18.75/hr, for which he is owed the ½ time premium of $9.375 for each of the 24 overtime hours per week for the 16 weeks that he worked, or $3,600.00, plus an equal amount for liquidated damages.

13.    SANCHEZ is entitled pursuant to 29 U.S.C. § 216(b), to recover from ZOOLOGICAL WILDLIFE FOUNDATION, MARIA TABRAUE and MARIO TABRAUE:

    a.    All unpaid overtime that is due;
    b.    As liquidated damages, an amount equal to the unpaid overtime owed;
    c.    The costs of this action, and;
    d.    A reasonable attorney's fee.

WHEREFORE, Plaintiff, MANUEL SANCHEZ, prays that this court will grant judgment against Defendants ZOOLOGICAL WILDLIFE FOUNDATION, MARIA TABRAUE and MARIO TABRAUE:

    a.   awarding SANCHEZ payment of overtime compensation found by the court to be due to him under the Act;

    b.   awarding SANCHEZ an additional equal amount as liquidated damages;

    c.   awarding SANCHEZ his costs, including a reasonable attorney's fee; and

    d.   granting such other and further relief as is just.

### Count II – Violation of the FLSA by all Defendants – Minimum Wage

14. Plaintiff, SANCHEZ, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7, and 9-10 above.

15. SANCHEZ worked for ZOOLOGICAL WILDLIFE FOUNDATION for approximately four months from September 2022 to January 6, 2023, but received no compensation whatsoever for the work performed. Plaintiff's minimum wage claim can be summarized as follows: Since Plaintiff was not paid any agreed upon wages or salary for the final 16 weeks of his employment, and since Plaintiff continued to work approximately 64 hours per week, Plaintiff is owed $7.25/hr for each of the 64 hours that he worked for each of the 16 weeks that he worked without receiving any compensation, or $7,424.00, plus an equal amount for liquidated damages.

16. ZOOLOGICAL WILDLIFE FOUNDATION's failure to pay SANCHEZ his final paycheck violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

17. SANCHEZ is entitled pursuant to the FLSA to recover from Defendants ZOOLOGICAL WILDLIFE FOUNDATION, MARIA TABRAUE and MARIO TABRAUE:

      a.      The applicable minimum wage in effect at the times he worked without receiving compensation;

      b.      As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

      c.      The costs of this action, and;

      d.      A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

      a.      Enter judgment for SANCHEZ against ZOOLOGICAL WILDLIFE FOUNDATION, MARIA TABRAUE and MARIO TABRAUE on the basis of their willful violations of the FLSA;

      b.      Award SANCHEZ actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

      c.      Award SANCHEZ an equal amount in liquidated damages;

      d.      Award SANCHEZ reasonable attorneys' fees and costs of suit; and

      e.      Other such relief as this Court deems just.

### Jury Demand

Plaintiff demands trial by jury.

Dated: February 2, 2023
Plantation, Florida

Respectfully submitted,

/s/ Robert S. Norell
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*